Summers, J.
The total frontage is 28,793 feet and a fraction. One-half is 14,397 feet, and anything in excess a majority. Of the consents, 9,310 feet were uncontested, and of the consents contested the circuit court found good 3,843 feet, making a total of 13,153 feet, about 1,250 feet less than a majority.
The circuit court found certain consents not good, but it will be unnecessary to notice all of these *87 because those covered by the eleventh, twelfth, thirteenth, twenty-second, twenty-third and thirty-second findings of fact, covering 2,023 feet, present the same question, and upon the facts found the circuit court erroneously concluded that they were not good. ' Being of opinion that they are good, a majority of the consents was produced to council and it is unnecessary to notice the others held not good.
It appears from the eleventh finding of fact that on July 27, 1903, The Cleveland Electric Railway Company, a corporation owning and operating a system of street railways in said city, applied to the council for leave to extend its tracks onto said Denison avenue and to operate an extension of its said system thereon; that George Fleisher, the owner of property having a frontage of 209.59 feet on said Denison avenue, on August 3, 1903, signed and delivered to an agent of said company a writing as follows:
“Cleveland, Ohio, Aug. 3, 1903.
“I, the undersigned, being the owner of property on Denison avenue in the city of Cleveland, to the extent of 210.59 feet front, hereby request the Cleveland Electric Railway Company to construct an extension of its existing street railway lines upon and along said street in front of my premises, and to maintain and operate the same as a part of its system of street railway now in operation in the city of Cleveland. This request is made as- a personal request, and to the Cleveland Electric Railway Company only, and I consent to the construction and operation of such an extension of said company’s lines .upon and along said street; but this consent shall not be assignable, and is not intended *88 as authority for any other street railroad to be constructed and operated upon said street.
“George Fieisher. “Witness: J. R. Hawthorne.”
That on August 19, 1903, he signed a consent in writing as follows:
“The undersigned property owner hereby consents to the construction of a double track street railroad on Denison avenue for all the property standing in my name. ’ ’
And that on August 24, 1903, he signed a writing as follows:
“I, the undersigned, being the owner of property to the extent of 210.59 feet on Denison avenue in the city of Cleveland, hereby withdraw and, cancel any and all consents which I have- heretofore given for the construction of any other street railroad except the Cleveland Electric Railway Company upon said street.”
The last two writings were filed with the clerk of the city and he had them with him in the council chamber on September 9, 1903, when he reported to the council that he had examined “the consents for the construction of a double track street railroad on Denison avenue presented by Albert E. Green, and find that the same represents a majority of the feet frontage on Denison avenue.”
The first writing was not filed with the clerk and was not presented to the council.
The first is a consent to an extension, the second and third relate to an original construction.
We may assume that if the first writing had been brought to the attention of council that the third *89 would have operated as a cancellation or revocation of the second, but, as it was not brought to the attention of council, the effect of the third writing must be determined without reference to the first,' and, looking alone to the second and third, the third must be held to be merely an attempt to limit the second, so that it would be a consent only to The Cleveland Electric Railway Company. Section 1536-185, Revised Statutes, section 30 of the municipal code,. requires the grant to be made by council to the person or corporation who will agree to carry passengers at the lowest rates of fare and provides that the written consent of a majority of the property holders upon each street or part thereof, on the line of the proposed street railroad, represented, by.the feet 'front of the property abutting on the several streets, along which such road is proposed to be constructed, must be obtained before any grant is made. The requirement that the grant must be made to the person or corporation agreeing to carry passengers at the lowest rates of fare would afford little security if the highest bidder could by obtaining a majority, of the consents prevent a grant to anyone but himself. The right conferred by the legislature is to consent to the construction of a road in the street and a limitation of the consent to a particular bidder is inconsistent with the requirement that the grant be to the lowest bidder and is void. The consent is good, but the limitation is void. The ruling in The State ex rel. v. Bell, 34 Ohio St., 194, where a similar statute was under consideration, is to this effect.
The judgment of the circuit court is reversed, the injunction dissolved, and this court, proceeding to *90 render the judgment that court should have rendered upon the facts found, dismisses the petition.

Reversed and petition dismissed.

Davis, C. J., Shauck, Price, Crew and Spear, JJ., concur.